No. 3116.—FANNIE C. OLIVER AND HUSBAND *v.* L. B. DAYRIES, Sheriff, et al.

A sale of a plantation by the husband to the wife whereby the wife, in payment, credits her judgment against her husband for a portion of the price and for the balance she assumes and obligates herself to pay certain mortgages which her husband has placed on the plantation, is absolutely null and void, and conveys no title whatever to the wife, because the wife is prohibited from assuming or contracting to pay the debts of her husband. C. C. 1790.

In such a case the obligation of the seller is vitiated as well as that of the buyer, and the fact that a portion of the price of the place paid by the wife was permitted and was legal, will not render valid the sale so as to drive the mortgage creditors to the direct action of nullity.

The seizure and sale by the mortgage creditors of the husband can not, therefore, be stayed by the writ of injunction taken out by the wife, founded on her ownership and title to the plantation as transferred to her by her husband.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Miller*, J. *John Yoist*, for plaintiffs and appellees. *Thomas N. Hughes*, for defendants and appellants.

WYLY, J. On the ninth of January, 1867, the plaintiff obtained a judgment of separation of property and for $37,500 against her husband, Aristide Bienvenu. On the fifteenth of January, 1867, the said Bienvenu transferred to his said wife a plantation in the parish of Pointe Coupée for the consideration and price of $25,000, payable as follows: $5419 50 cash, for which "Mrs. Bienvenu grants her husband a partial acquittance and discharge as so much paid on account of her judgment against him," and for the balance of the price she assumed the payment of certain mortgage notes given by her husband, bearing on said property, amounting to $19,580 43. On the eighteenth of March, 1867, the same property was seized under a writ of *fieri facias* issued against her husband on the judgment of James Inness *v.* A. Bienvenu, on the docket of the district court of the parish of ·Pointe Coupée, the debt upon which the judgment of the said Inness was based being the same assumed by the said Mrs. Bienvenu as part ·of the purchase price in the conveyance from her said husband.

This suit was instituted to arrest said sale, and an injunction was sued out for that purpose by the plaintiff herein on the following grounds:

*First*—That the judgment rendered in the suit of Inness *v.* Bienvenu, No. 892, under which the *fieri facias* was issued, was null and void, the defendant being a resident of New Orleans, having never been cited nor made any appearance therein.

*Second*—That the mortgage granted by A. Bienvenu to Inness on the third March, 1859, had lost its rank for want of reinscription, having been first recorded on the first of April, 1859, and was not reinscribed until the twenty-third May, 1870.

*Third*—The plaintiff, Mrs. Bienvenu, is owner of the property under a valid and recorded title, and it can not be seized under a *fieri facias* issued against her husband; that if liable at all for the claim of Inness against her husband, he must proceed by the hypothecary action.

The answer of the defendant, Inness, contains a general denial, alleges the judgment of Inness against Bienvenu to be good and valid, denies the failure to reinscribe mortgage, and alleges that plaintiff, Mrs. Bienvenu, acquired the property from her husband by act passed on the fifteenth January, 1867, and assumed therein the payment of the notes and mortgage due by her husband on the property; that this act was duly recorded on the twenty-second January, 1867, "whereby the mortgage contained in the act of third March, 1856, was duly reinscribed."

The defendant also pleads in reconvention the assumpsit of plaintiff, contained in the act of sale of the property by her husband of the fifteenth January, 1867, and asks for judgment thereon against her for $4676 96, besides interest.

The court held that the husband had acquiesced in the judgment obtained against him by Inness in suit No. 892, and that the grounds of nullity set up can not, therefore, be urged now by plaintiff in injunction against it.

The court also decided that the mortgage contained in the act of sale from Inness to Bienvenu of the third March, 1859, had lost its rank by the failure to reinscribe it, and that the plaintiff is not bound on her assumpsit to pay the same as a debt of her husband.

Judgment was rendered, making the injunction perpetual and dismissing the claim in reconvention. Inness, the defendant in injunction, has appealed.

The main question in this controversy is, to whom does the property under seizure belong ?

If it belongs to her husband, the plaintiff has no right to enjoin its sale by his judgment creditor, even though she have a superior mortgage thereon, and if, on the other hand, she owns the property, of

course she has the right to restrain its sale by a judgment creditor of her husband enforcing a mortgage against it that has perempted by failing to reinscribe it, and she has also the right to set up the nullity of the judgment under which her property is seized.

The plaintiff derived title from her husband and she is resisting the claim of her husband's vendor, which she assumed as part of the price.

It is very clear that the plaintiff's assumpsit of $19,580 of her husband's debts, as part of the price, is prohibited by article 2412 of the Civil Code; and by article 1784, contracts between the husband and the wife are forbidden. The only exception is found in article 2421, which declares that:

"A contract of sale between husband and wife can take place only in the three following cases:

"*First*—When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.

"*Second*—When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.

"*Third*—When the wife makes a transfer of property to her husband in payment of a sum promised to him as a dowry." * * *

Now, the plaintiff contends that her obligation to pay $19,580 as part of the price, is an absolute nullity; but that the sale is nevertheless valid because the other part of the price, to wit: $5419 50, was duly credited on her judgment against her husband, and she is protected by that clause in article 2421 which permits one spouse to make a transfer to the other, who is judicially separated, in payment of his or her rights.

If this principle be correct, the effect would be the same if the credit upon plaintiff's judgment had only been one dollar or one cent, and thus for an insignificant sum $25,000 worth of property of her husband, indeed his whole estate, might be transferred to her, and it would be a valid giving in payment, although not one-thousandth part of the consideration or price was paid. The same prohibition which the plaintiff invokes, to wit: articles 1784 and 2412, to vitiate her obligation to pay the $19,580 50, operates with like effect upon the corresponding obligation of the husband. Article 1784, which prohibits the contract, vitiates the obligation of the seller as well as the obligation of the buyer, and what is done in contravention of a prohibitory law is an absolute nullity. But the plaintiff claims ownership because of the consideration of $5419 50, which was credited on her judgment against her husband. To this we reply, your title rests upon a conventional sale and your vendor never consented to sell you the thing, worth $25,000, for the sum of $5419 50; and if your title

be maintained the court will be enforcing a contract which the parties never made. The sale is an entirety—the price, the thing and the consent; it can not be both null and valid; and we can not say that the plaintiff ought to have a share of the plantation equal to the valid part of the price, because the parties in the act never consented to convey an interest or share, but the thing consented to be conveyed was the plantation; a corporeal, not an incorporeal, was the object of the contract of sale before us.

Our conclusion is, that this sale, made in contravention of a prohibitory law, is an absolute nullity, and the title of the property never passed out of the husband of the plaintiff. The thing seized is, therefore, liable to the pursuit of the judgment creditor of the owner.

It is therefore ordered that the judgment appealed from be avoided and annulled; and it is now ordered that the injunction herein be dissolved and the suit be dismissed at the costs of the plaintiff in both courts.